UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bruce Wollman, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br> -v.-<br><br>The CBE Group, Inc.,<br><br>         Defendant(s). | Case. No.: 7:22-cv-7426<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

   Plaintiff, Bruce Wollman ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the Defendant, The CBE Group, Inc. ("CBE" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

   1.  The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

   2.  The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

1

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* at § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Rockland.

8.      Defendant CBE is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

9.      CBE has an address for service located at 1309 Technology Parkway, Cedar Falls, IA 50613.

10.     Defendant CBE is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom CBE sent multiple G-Notice letters attempting to collect a consumer debt;

    c. wherein the letters incorrectly indicate that the interest charged on the total debt occurred after the "As of" date; and

    d. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer

lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

- a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

- b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

- c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Plaintiff Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

- d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

- e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members

would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to January 22, 2022, Plaintiff allegedly incurred a credit card obligation to Citibank.

22. The obligation arose out of transaction(s) in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal purposes, specifically a personal Sears credit card.

23. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Citibank is a "creditor" as defined by 15 U.S.C. § 1692a (4).

25. Upon information and belief, the debt was eventually purchased by non-party debt buyer, LVNV Funding LLC.

26. Upon information and belief, LVNV Funding LLC contracted with the Defendant CBE to collect the debt.

27. Defendant collects and attempts to collect debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of others using the United States Postal Services, telephone and internet.

### *Violations – First G-Notice*

28. Defendant sent the Plaintiff a collection letter on or about January 22, 2022 ("First G-Notice") regarding the alleged debt.  **See First G-Notice attached as Exhibit A**.

29. The First G-Notice states:

| | |
|---|---:|
| "As of 10/18/09, you owed: | $14,713.10 |
| Between 10/18/09, and today: | |
|     You were charged this amount in interest: | +$3,165.85 |
|     You were charged this amount in fees: | +$0.00 |
|     You paid or were credited this amount toward the debt: | -$10.00 |
| Total amount of the debt now: | $17,868.95 |

30. Upon information and belief, Plaintiff's interest accrued before October 18, 2009.

31. However, upon reading and reviewing the First G-Notice the least sophisticated consumer, and the Plaintiff, believed that all of the interest accrued after October 18, 2009.

32. Thus, the First G-Notice does not provide the least sophisticated consumer, and the Plaintiff, with the material information concerning whether the balance may change.

33. Due to the lack of material and truthful information, Plaintiff does not know if the amount of his obligation is static or dynamic.

34. The Letter would imply to the consumer that a significant amount of the total debt was interest added post charge off.

35. The First G-Notice materially misled the Plaintiff because when faced with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), Plaintiff would pay the dynamic debt first.

36. Defendant cannot imply or suggest that there may be additional charges or reductions when in fact there will not be additional charges or reductions.

37. That false advice could incentivize the Plaintiff to pay the debt, or not pay the debt, at a time when, if accurately advised, he would do the opposite.

38. A changing balance is a quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual, or refrain from paying as a means of taking advantage of a shrinking balance.

*Violations – Second G-Notice*

39. Defendant sent the Plaintiff a second collection letter on or about May 14, 2022 ("Second G-Notice") regarding the alleged debt.  **See Second G-Notice attached as Exhibit B**.

40. The Second G-Notice states:

| | |
|---|---:|
| "As of 10/18/09, you owed: | $14,713.10 |
| Between 10/18/09, and today: | |
| You were charged this amount in interest: | +$3,165.85 |
| You were charged this amount in fees: | +$0.00 |
| You paid or were credited this amount toward the debt: | -$10.00 |
| Total amount of the debt now: | $17,868.95 |

41. Thus, the Second G-Notice sets forth the exact same figures as the First G-Notice, further evidencing that none of the Plaintiff's interest accrued after October 18, 2009.

42. Accordingly, the First G-Notice and the Second G-Notice (collectively, the "Letters") are materially misleading to the least sophisticated consumer and the Plaintiff in that

they both incorrectly claim that the interest quoted accrued after October 18, 2009, and that more interest may accrue in kind.

43. Pursuant to 15 U.S.C. § 1692l(d) "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

44. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

45. The Letter contains some of the notices previously required by 15 U.S.C. § 1692g, but does not include the additional information required by Regulation F.

46. 12 CFR § 1006.1 provides:

   (a) ***Authority***. This part, known as Regulation F, is issued by the Bureau of Consumer Financial Protection pursuant to section 814(d) and 817 of the Fair Debt Collection Practices Act (FDCPA or Act), 155 U.S.C. 1692/(d), 1692o; title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), 12 U.S.C. 5481 *et seq.*; and paragraph (b)(1) of section 104 of the Electronic Signatures in Global and National Commerce Act (E-SIGN Act), 15 U.S.C. 7004.

   (b) ***Purpose.*** This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection in light of the facts and circumstances.

   (c) ***Coverage.***

      a. Except as provided in § 1006.108 and appendix A of this part regarding applications for State exemptions from the FDCPA, this part applies to debt collectors, as defined in § 1006.2(i), other than a person excluded from coverage by section 1029(a) of the Consumer Financial Protection Act of 2010, title X of the Dodd-Frank Act (12 U.S.C. 5519(a)).

    b.   Section 1006.34(c)(2)(iii) and (3)(iv) applies to debt collectors only when they are collecting debt related to a consumer financial product or service as defined in § 1006.2(f).

47.    12 CFR § 1006.18(e) requires:

    (1) ***Initial Communications***. A debt collector must disclose in its initial communication with a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

48.    12 CFR § 1006.34(c) states:

***Validation information***. Pursuant to paragraph (a)(1) of this section, a debt collector must provide the following validation information.

    (1) ***Debt collector communication disclosure***. The statement required by § 1006.18(e)

    (2) ***Information about the debt***. Except as provided in paragraph (c)(5) of this section:

        1.    The debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original creditor information.

        2.    The consumer's name and mailing address

        3.    If the debt collector is collecting a debt related to a consumer financial product or service as defined in § 1006.2(f), the name of the creditor to whom the debt was owed on the itemization date.

        4.    The account number, if any, associated with the debt on the itemization date, or a truncated version of that number.

        5.    The name of the creditor to whom the debt is currently owed.

        6.    The itemization date.

        7.    The amount of the debt on the itemization date.

        8.    An itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date. A debt collector may disclose the itemization on a separate page provided in the same communication with a validation notice, if the debt collector includes on the validation notice, where the itemization would have appeared, a statement referring to that separate page.

        9.    The current amount of the debt

(3) *Information about consumer protections*.

    (i)    The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment.

    (ii)    The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer requests in writing on or before that date the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector sends the consumer the name and address of the original creditor, if different from the current creditor.

    (iii)    The date that the debt collector will consider the end date of the validation period and a statement that, unless the consumer contacts the debt collector to dispute the validity of the debt, or any portion of the debt, on or before that date, the debt collector will assume that the debt is valid.

    (iv)    If the debt collector is collecting debt related to a consumer financial product or service as defined in § 1006.2(f), a statement that informs the consumer that additional information regarding consumer protections in debt collection is available on the Bureau's website at www.cfpb.gov/debt-collection.

    (v)    If the debt collector sends the validation notice electronically, a statement explaining how a consumer can, as described in paragraphs (c)(4)(i) and (ii) of this section, dispute the debt or request original-creditor information electronically.

(4) *Consumer-response information.* The following information, segregated from the validation information required by paragraphs (c)(1) through (3) of this section and from any optional information included pursuant to paragraphs (d)(3)(i) and (ii), (d)(3)(iii)(A), (d)(3)(iv) and (v), (d)(3)(vii) and (viii) of this section, and, if provided on a validation notice, located at the bottom of the notice under the headings, "How do you want to respond?" and "Check all that apply:":

    (i)    *Dispute prompts*. The following statements, listed in the following order, and using the following phrasing or substantially similar phrasing, each next to a prompt:

        i.    "I want to dispute the debt because I think:";

        ii.    "This is not my debt.";

        iii.    "The amount is wrong."; and

        iv.    "Other (please describe on reverse or attach additional information)."

    (ii)    ***Original-creditor information prompt***. The statement, "I want you to send me the name and address of the original creditor.", using that phrase or a substantially similar phrase next to a prompt.

    (iii)    ***Mailing addresses***. Mailing addresses for the consumer and the debt collector, which are the debt collector's and the consumer's names and mailing addresses as disclosed pursuant to § 1006.34(c)(2)(i) and (ii).

49.    12 CFR § 1006.34(d) further states that "The validation information required by paragraph (c) of this section must be clear and conspicuous."

50.    Additionally, 12 CFR § 1006.42 requires:

(a) ***Sending required disclosures –***

    (1) ***In General.*** A debt collector who sends disclosures required by the Act and this part in writing or electronically must do so in a manner that is reasonably expected to provide actual notice, and in a form that the consumer may keep and access later.

51.    The Letters fail to include all of the information described above.

52.    Specifically, the Letters fail to provide actual notice that is clear and conspicuous pursuant to 12 CFR § 1006.42 because the information presented is improper and wrong.

53.    Moreover, the duplicative nature of the Letters is deceptive to the Plaintiff concerning his rights to dispute the debt because they contain contradictory dispute periods and deadlines.

54.    Additionally, the Letters appeared to be fraudulent on their face because they attempted to double-dip by collecting the same debt, with the exact same G-Notice format, twice.

55.    For the foregoing reasons, Defendant failed to give the Plaintiff a valid G-Notice, and deprived the Plaintiff of all rights derived therefrom, by continuing with its collection despite the deficiencies in the Letters.

56.    The Letters are therefore false, deceptive, misleading, and unfair.

57. Because of the conflicting information, Plaintiff suspected the Letters might be fraudulent or suspect, in whole or in part.

58. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it.

59. Plaintiff was therefore unable to make payment on the debt.

60. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

61. Defendant's conduct prevented the Plaintiff from acting in the way he would have otherwise acted had the Defendant's Letters not been improper.

62. Plaintiff was unable to properly respond as it would be foolhardy for the Plaintiff to pay some or all of this debt when the Letters demanding payment did not make sense.

63. Defendant's actions caused the Plaintiff to suspect there was fraud involved with this collection.

64. Because of the Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

65. In reliance on the Letters, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

66. During this time, and because of this, Plaintiff suffered emotional harm because of the Defendant's improper acts.

67. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, suspecting a fraudulent collection.

68. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

69. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

70. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, and conversion.

71. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

72. Plaintiff is entitled to receive proper notice of the amount of the debt, as required by the FDCPA.

73. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

74. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

75. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

76. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

77. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, the Defendant's debt collection.

78. As described above, Plaintiff was misled to his detriment by the statements in the Letters, and relied on the contents of the Letters to his detriment.

79. As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

80. As a result of the Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

81. Plaintiff repeats the above allegations as if set forth here.

82. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

83. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

84. As described above, Defendant violated said section by falsely, deceptively and/or misleadingly collecting a debt in violation of §§ 1692e, 1692e (2) and 1692e (10).

85. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

86. Plaintiff repeats the above allegations as if set forth here.

87. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

88. Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

89. Pursuant to 15 U.S.C. § 1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

90. Defendant violated said section by:

    a. Failing to clearly identify the amount of the debt in violation of § 1692g(a)(1); and

    b. Failing to provide the Plaintiff with clear notice concerning his right to dispute the subject debt by virtue of issuing conflicting notices and deadlines in the Letters in violation of § 1692g(a)(3)-(4); and

    c. Depriving the Plaintiff of his right to dispute the debt, and reap the benefits therefrom, by proceeding with collection without properly issuing a valid G-Notice in violation of violation of § 1692g(b).

91. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

92. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bruce Wollman, individually and on behalf of all others similarly situated, demands judgment against the Defendant CBE as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert Yusko, Esq. as Class Counsel;

ii. Awarding the Plaintiff and the Class statutory damages;

iii. Awarding the Plaintiff and the Class actual damages;

iv. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 30, 2022　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　**Stein Saks PLLC**

　　　　　　　　　　　　　　　　　　　　　　　　s/ Robert Yusko
　　　　　　　　　　　　　　　　　　　　　　　　By: Robert Yusko, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　One University Plaza, Suite 620
　　　　　　　　　　　　　　　　　　　　　　　　Hackensack, NJ 07601
　　　　　　　　　　　　　　　　　　　　　　　　Phone: (201) 282-6500
　　　　　　　　　　　　　　　　　　　　　　　　Fax: (201) 282-6501
　　　　　　　　　　　　　　　　　　　　　　　　ryusko@SteinSaksLegal.com

　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*